
George C. Paine, II
US Bankruptcy Judge
Dated: 10/01/09



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re:  )
ELLIOT and DEBORAH RAMSEY ) CASE NO. 309-06086
    Debtors. ) Chapter 13
     ) Judge Marian F. Harrison
     )

_____

**MEMORANDUM**
_____

This matter is before the court on the objection of Wells Fargo Bank (hereinafter "Wells") to confirmation of the debtor's proposed chapter 13 plan. Wells objects to provisions in the plan (specifically paragraph 12) that requires Wells to apply payments on pre-confirmation arrearages only to such arrearages, and further that Wells provide notice of any interest rate change, payment change or escrow advance to the debtors, debtors' attorney and the chapter 13 trustee. Wells contends these provisions impermissibly modify their mortgage creditor rights in violation of 11 U.S.C. § 1322(b)(2), and set up unreasonable notice requirements that conflict with the Deed of Trust. The Chapter 13 Trustee supports confirmation of the debtors' plan. For the reasons contained herein, the court overrules Wells' objection to confirmation and confirms the debtor's plan as proposed.

There are no facts in dispute. The debtor's proposed plan contains the following provision:

## PROVISIONS RELATING TO CLAIMS SECURED BY REAL PROPERTY TREATED PURSUANT TO 1322 (b)(5)

12.   (a)   Confirmation of this Plan shall impose upon any claimholder treated under paragraph 4(d)(iv) and, holding as collateral, the debtors residence, the obligation to:

   i. Apply the payments received from the trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan "pre-confirmation" arrears shall include all sums included in the allowed proof of claim plus any post-petition pre-confirmation payments due under the underlying mortgage obligation not specified in the allowed proof a claim.

   ii. Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

   iii. Not less than 60 days prior to the effective date of any change in monthly mortgage payments, notify the trustee, the debtors and the attorney for the debtors in writing of any changes in the interest rate for any nonfixed rate or any adjustable are mortgages and the effective date of any such adjustment or adjustments or any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments.

   iv. Notify the trustee, the debtors and attorney for the debtors, in writing, of any protective advances or other charges incurred by the claimholder, pursuant to the mortgage agreement, within 60 days of making such protective advance or other charges.

  (b)

   1. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

   ii. If the trustee has maintained payments to the mortgage creditor in accordance with paragraph 4(d)(iv) of this order, then no later than 60 days prior to the anticipated last payment under the plan, the trustee shall file a motion and notice consistent with LBR 9013-1 requesting the court find that the trustee has complied with the plan to maintain mortgage payments and to cure the pre-confirmation default. If the claimholder asserts that the mortgage obligation is not contractually current at the time of the trustee's motion, then the claimholder shall, within 30 days of receipt of the motion, file a Statement of Outstanding Obligations, clearly itemizing all outstanding obligations it

contends have not been satisfied as of the date of the Statement with service upon the trustee, the debtors and the debtors' attorney. the filing and service of a Statement shall be treated as a response for purposed of LBR 9013-1 and a hearing will be held consistent with the trustee's notice. No liability shall result from any nonwillful failure of the trustee to file the application authorized herein.

(c) If the claimholder fails to timely file and serve a Statement of outstanding Obligations, the trustee shall submit an order declaring the mortgage current and all arrearages cured as of the date of the trustee's motion; and, upon discharge, the claimholder shall treat the mortgage as fully reinstated according to its original terms and fully current as of the date of the trustee's notice.

(d) If the claimholder timely files and serves a Statement of Outstanding Obligations, the debtors may propose a modified plan to provide for payment of additional amounts the debtors acknowledge or the court determines are due. To the extent amounts set forth on timely filed Statement of Outstanding obligations ar not determined by the court to be invalid or are not paid by the debtors through a modified plan, the right of the holder to collect these amounts will be unaffected.

Wells' written objection to confirmation alleges that:

the plan seeks to place burdens on the mortgage company that are neither required in the Code nor by any local rule. Paragraph 12 places unnecessary burdens on Wells Fargo that are not required under the bankruptcy code or rules. There are notice provisions that it may not be possible to comply with under the terms of the loan agreements. The plan unfairly shifts to Wells Fargo all the negative consequences of the trustee's lack of notice of protective advances which might be forced upon it by the debtor's failure to pay property taxes or insurance. Conversely the debtor appears freed of all responsibility for paying attention to, or informing anybody of, developments concerning such matters which are vital to the success of her own plan, and to which the Debtor should be paying attention if he or she is taking the case seriously.

Wells further articulated its arguments at the confirmation hearing and in a post-trial brief. Wells objects to paragraph 12(a) dictating how Wells must apply monthly payments, and paragraphs 12(a)(iii) and (iv) adding notice requirements that are not present in the Deed of Trust. The Chapter 13 Trustee filed a meaningful response, from which the court liberally borrows on both the issue of notice and the application of payments.

3-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:09-bk-06086    Doc 31    Filed 10/02/09    Entered 10/02/09 10:51:02    Desc Main
Document      Page 3 of 7

**NOTICE**

Wells complains that the notice provisions add requirements to the Deed of Trust and place the onus on the mortgage holder. Several courts have confirmed Chapter 13 Plans which require mortgage creditors to provide notice to the debtor, debtor's attorney and the Chapter 13 Trustee of any payment change, interest rate change and escrow advance, over the objection of mortgage creditors. **In re Armstrong**, 394 B.R. 794 (Bankr. W.D. Pa. 2008); **see also In re Aldrich**, 2008 WL 4185989 (Bankr. N.D. Iowa Sept. 4, 2008). The Bankruptcy Court in Oregon held, "Additional notice is more in the nature of a procedural requirement to aid Chapter 13 administration, than a modification and is therefore permissible." **In re Anderson**, 382 B.R. 496, 504 (Bankr. D. Or.2008) (citing **In re Wilson**, 321 B.R. 222, 225 (Bankr. N.D. Ill.2005)) ("By providing a procedure for the parties to use to definitively ascertain what a debtor owes his home lender, the Model Plan does not modify a mortgage holder's rights in violation of § 1322(b)(2)."); **In re Andrews**, , 2007 WL 2793401 (Bankr. D. Kan.2007); **In re Collins**, 2007 WL 2116416 (Bankr. E.D. Tenn., July 19, 2007).

Judge Shannon in **In re Watson**, 384 B.R. 697 (Bankr. D.Del. 2008), determined that Chapter 13 plan provisions which govern the application of mortgage payments and require notice of post-petition fees and charges do not modify a mortgage lender's underlying rights. The Delaware model plan referenced in **Watson** not only required the mortgage lender to provide notice of all fees, charges, interest rate, and escrow changes, but also specified that failure to provide such notice would result in the loss of such fees and charges. Mortgage lenders objected to such plan terms, and also objected to provisions mandating the method by which mortgage lenders were to apply payments. Judge Shannon found that additional notice requirements to the debtor, debtor's counsel and the Trustee was

a procedural obligation to aid Chapter 13 administration and was not an impermissible modification. **Id.** at 705. Judge Shannon, relying on Judge Stair's unpublished decision in **Collins**, found that "language in a Chapter 13 plan burdening mortgagees with procedural obligations over the life of the plan . . . is permissible and even desirable. **Id.** (quoting **Collins**, 2007 WL at *4).[1]

This court agrees. Notice to the debtors, debtors' counsel, and the trustee is a procedural mechanism aiding in the administration of the chapter 13 plan rather than a modification of Wells' mortgage rights.[2] Accordingly, Wells objection to paragraph 12's notice provisions in the debtor's proposed plan is hereby OVERRULED.

## APPLICATION OF PAYMENTS

Wells argues that the requirement to apply arrearage payments only to arrears and post-petition payments only to post-petition obligations is an attempt to impermissibly modify the mortgage in violation of 11 U.S.C. § 1322(b)(2). The trustee contends that the application of payments is a procedural protection, not a substantive one, and therefore not a modification of the mortgage. The Bankruptcy Court for the Eastern District of Arkansas held that a plan provision requiring mortgage creditors to distinguish and apply payments on prepetition arrearages and on ongoing continuing mortgage payments does not improperly modify mortgage

---

[1] **See** Trustee's MEMORANDUM IN SUPPORT OF SPECIAL LANGUAGE GOVERNING MORTGAGES IN DEBTORS' PLANS, Docket # 30 (Sept. 16, 2009).

[2] Wells Fargo also objects, asserting that the language of paragraph 12 conflicts with Local Bankruptcy Rule ("LBR") 9013 because paragraph 12 dictates how Wells Fargo is to respond to the Trustee's 9013 motion to deem the mortgage current. The language of paragraph 12 actually provides Wells Fargo an additional 10 days to respond to the Trustee's motion, beyond the standard 20 days provided for in the LBR 9013.

creditors' rights; such a plan requirement simply restates the statutory scheme for curing mortgage arrears. **In re Booth**, 399 B.R. 316, 323-327 (Bankr. E.D. Ark. 2009); **see also In re Emery**, 387 B.R. 721 (Bankr. E.D. Kentucky 2008) (citing **In re Jones** 366 B.R. 584, 590-91 (Bankr. E.D. La, 2007), **aff'd** 391 B.R. 577 (E.D. La 2008); **In re Wilson**, 321 B.R. 222, 223-25 (Bankr. N.D. Ill. 2005); **see also In re Patton**, 2008 WL 5130096 (Bankr. E.D. Wisc., Nov. 19, 2008); **In re Hudak**, 2008 WL 4850196 (Bankr. D. Colo., Oct 24, 2008) (permitted plan language that required payments on arrears to be applied to arrears and continuing payments to be applied to post-petition continuing payments).[3]

This court agrees with the above-cited cases and the chapter 13 trustee. The debtors' plan provisions aid in obtaining a fresh start for a debtor who completes a chapter 13:

> the debtors' plan provisions . . .seek to prevent problems which often develop in the pendency of a chapter 13 case. Many debtors elect chapter 13 in order to save homes from foreclosure, proposing plans which cure defaults and maintain payments. Recent history has shown that the inability or unwillingness of the businesses that service mortgages to properly apply payments, communicate payment changes, or advise of advances made, results in the sad case of debtors finishing chapter 13 cases only to be confronted with undisclosed arrearages, fees, charges, costs and misapplied payments. This can lead to the tragedy of the loss of a home despite debtors' successful completion of a plan, or requiring a homeowner need to file a subsequent case. By establishing a clear means by which a mortgage creditor can assert its rights, the debtors' plan provisions, in fact, prevent it from modifying the creditor's rights to payment and assure that a chapter 13 debtor, through the plan, can proactively "maintain" payments as required by § 1322(b)(5). Section 1322(b) prohibits modification of Wells Fargo's rights. It does not limit the process by which Wells Fargo and other mortgage lenders assert those rights.

**Trustee's MEMORANDUM**, p. 5-6.

The court adopts the trustee's eloquent summation. Accordingly, this court

---

[3] **See** Trustee's MEMORANDUM IN SUPPORT OF SPECIAL LANGUAGE GOVERNING MORTGAGES IN DEBTORS' PLANS, Docket # 30 (Sept. 16, 2009).

OVERRULES Wells' objection to confirmation based on all paragraph 12's payment application provisions.

Based on all of the above, the court finds that the debtor's chapter 13 plan, as proposed, is hereby CONFIRMED. All objections raised by Wells to confirmation are hereby OVERRULED. The court instructs the chapter 13 trustee to prepare an ORDER not inconsistent with this Memorandum within ten (10) days of entry of the Memorandum.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

7-U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:09-bk-06086    Doc 31    Filed 10/02/09    Entered 10/02/09 10:51:02    Desc Main Document    Page 7 of 7